# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LARRY LANKFORD and GLENDA LANKFORD**        Plaintiffs, | ) ) ) ) |
| v. | )   CASE NO.: _____ ) |
| **NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER**        Defendants. | ) ) ) ) ) |

## COMPLAINT

1. This action is brought by the Plaintiffs, Larry & Glenda Lankford (hereinafter "Plantiffs" or Mr. and Mrs. Lankford"), against Defendant, Nationstar Mortgage, LLC d/b/a Mr. Cooper (hereinafter "Nationstar") which services a mortgage of Plaintiffs.

2. Nationstar has failed to supply Plaintiffs with appropriate information and/or make appropriate corrections to the mortgage account despite Plaintiff's dispute and complaints about the release of the mortgage, in violation of the mortgage servicer provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605.

3. Further, Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Nationstar for multiple violations of the Truth in Lending Act 15 U.S.C. § 1601 *et seq.* (hereinafter "TILA"), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.

4. In addition, this is an action for damages brought by an individual consumer for Nationstar's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

5. Finally, Plaintiff institutes this action against Nationstar for bankruptcy discharge violation and contempt violation pursuant to  11 U.S.C.A. § 1322(b)(5) and § 1328(a).

## JURSIDICTION AND VENUE

6. Jurisdiction exist over these matters pursuant to 12 U.S.C. § 2614, 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue lies in this judicial district in that the event which gave rise to this claim occurred here and the property which is the subject of this action is situated within this district.

## PARTIES

8. Plaintiff, Mr. Lankford is an individual over nineteen (19) years of age and who resides at 73 Arthur Lane, Gadsden, Alabama, 35904.

9. Plaintiff, Mrs. Lankford is an individual over nineteen (19) years of age and who resides at 73 Arthur Lane, Gadsden, Alabama, 35904

10. Defendant, Nationstar, is a foreign limited liability company with its principal place of business in Texas. At all times material to this action, Nationstar, regularly transacted business in the State of Alabama.

11. Defendant, Nationstar, is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2605(i)(2).

12. In addition, Defendant, Nationstar, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

13. On or about September 21, 2010, Mr. and Mrs. Lankford filed chapter 13 in the United States Bankruptcy Court for the Northern District of Alabama, Easter Division Case number 10-42669. Said petition listed Bank of America as a creditor with a first and second mortgage on the Plaintiffs home.

14. On or about Febuary 17, 2011 a proof of claim was filed on behalf of Bank of America in the amount of $15,711.92, but the claim did not specify a specific account or mortgage. *See* Exhibit "A" attached hereto.

15. On or about April 17, 2013, a notice of transfer of claim was filed by Nationstar stating the bankruptcy claim had been transferred from Bank of America to Nationstar. The last four digits of the Bank of America account was 7327 and the last four digits on the new account at Nationstar was 2039. This was the Lankford's first mortgage.

16. On or about August 13, 2013, another notice of transfer of claim was filed by Nationstar stating the bankruptcy claim had been transferred from Nationstar to Nationstar. The last four digits of the account were 3668 and the new account at Nationstar was 5948. This was the Lankford's second mortgage.

17. Around the end of September 2015, Mr. and Mrs. Lankford mortgage second was release.

18. However, Nationstar repeatedly called Mr. and Mrs. Lankford to inform them they were behind on their first mortgage. Mr. and Mrs. Lankford tried to explain to Nationstar they were in bankruptcy and payments were being made to them, but Nationstar persisted to call the Plaintiffs regarding their first mortgage.
19. Mr. and Mrs. Lankford contacted their bankruptcy attorney about the phone calls, and their attorney got Nationstar to stop calling the Plaintiffs.
20. On or about October 27, 2015, Mr. and Mrs. Lankford received a bankruptcy discharge.The bankruptcy trustee filed a final report and account in December 2015. The report states Nationstar was paid in full, and there was no ongoing mortgage payments.
21. Even though the Lankford's received a bankruptcy discharge, Nationstar continued to insist the Lankford's were in default on their first mortgage.
22. Although the Lankfords disputed that they were in default on their first mortgage, they feared their house may be foreclosed on before they could get the issue resolved.
23. Therefore, on or about December 22, 2015, Mr. and Mrs. Lankford filed chapter 13 bankruptcy again in the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division case number 15-42041.
24. On or about April 4, 2016, Nationstar filed a proof of claim for $38, 396.48 secured by the Lankford's first mortgage and account ending in 2039.
25. Subsequently, Mr. and Mrs. Lankford's bankruptcy attorney filed an objection to Nationstar's stating said claim was paid and/or discharged.
26. On or about September 14, 2016, an order was entered sustaining Mr. and Mrs. Lankford's objections to Nationstar's claim and found the first mortgage had been paid in full. The order also allowed Nationstar a limited relief from the automatic stay to rescind the second mortgage and file a claim for the second mortgage. *See* Exhibit "B" attached hereto.
27. No such claim was ever made on the Lankford's second mortgage. However, on or about April 25, 2017, a Rescission of the second mortgage was recorded in the probate office of Etowah county. *See* Exhibit "C" attached hereto.
28. A notice of post-petition mortgage fees was filed for $430.00 for attorney fees for account ending in 2039, the Lankford's first mortgage, on or about February 15, 2017.
29. On or about May 25, 2017, the bankruptcy trustee filed a Notice of Final Cure Payment.

30. On or about June 15, 2017, Nationstar filed a response to Notice of Final Cure Payment affirming that all pre and post petitions are paid in full, and no ongoing payment was due via bankruptcy order declaring such debt is deemed to be paid in full and/or discharged on Mr. and Mrs. Lankford's first mortgage and account ending in 2039.

31. On or about June 30, 2017, Mr. and Mrs. Lankford received a discharge.

32. However, Nationstar failed to release the mortgage and has indicated to Mr. and Mrs. Lankford that there is an unpaid balance on their mortgage.

33. On or about August 16, 2017, attorney for Mr. and Mrs. Lankford mailed a qualified writtten request (hereinafter "QWR") and notice of error pursuit to RESPA, 12 U.S.C. § 2605(e)(1)(B) and Reg. X, 24 CFR § 1024.35 concerning Nationstar's failure to release the mortgage. *See* Exhibit "D" attached hereto.

34. In a response to the QWR from Nationstar, dated August 24, 2017, Nationstar stated that it cannot start the release of lien process if there is a balance on the account. *See* Exhibit "E" attached hereto.

35. In addition, Nationstar provided a payoff statement, dated August 24, 2017, stating the total amount necessary to payoff the loan is $8, 356.30. *See* Exhibit "F" attached hereto.

36. As of the date of this complaint, Nationstar has not released the Lankfords' first mortgage.

37. As a result of Nationstar's refusal to release the Lankford's first mortgage, the Plaintiffs have incurred actual damages including but not limited to attorney fees.

38. In addition, this has caused the Lankfords to worry and suffer mental anguish as a result of the Nationstar's failure to correct the problem.

### COUNT I – VIOLATION OF RESPA

39. The allegations of paragraphs 1-40 above are re-alleged and incorporated herein by reference.

40. Nationstar is a servicer of a "federally related mortgage loan" as defined under 12 U.S.C. § 2602(1).

41. The Auguest 16, 2017 letter on behalf of Plaintiffs, to Nationstar was a qualified as a written request as that term is defined by RESPA, 12 U.S.C. § 2605(e)(1)(B).

42. Nationstar failed to provide accurate information and/or to correct any and all errors within 30 days pursuant to § 2605(e)(2).

4

43. As a result, the Plaintiffs has suffered embarrassment, mental anguish, and emotional distress caused by the wrongful default on her mortgage and has incurred attorney fees and expenses.
44. Furthermore, Nationstar has a pattern and practice of not adequately responding to QWRs and not correcting all errors as required under § 2605.
45. Pursuant to 12 U.S.C. § 2605(f) Plaintiffs may recover actual damages of $2,000, reasonable attorney's fees, and cost for each failure of Nationstar.

### COUNT II – VIOLATION OF FDCPA

46. The allegations of paragraphs 1-40 above are re-alleged and incorporated herein by reference.
47. Nationstar is a "Debt Collector" as defined under 15 U.S.C.A. § 1692a(6) and Plaintiffs is a "consumer" as defined under § 1692a(3).
48. Nationstar has violated the FDCPA by misrepresenting the amount Plaintiffs owes total amount to payoff the loan, the principal payment, late fees, and/or expenses under 15 U.S.C.A. § 1692e(2).
49. By reason of Nationstar's violation of 15 U.S.C. § 1692, Plaintiffs are entitled to damages in the amount of $1,000, plus actual damages, attorney fees, cost of this action, and such other and further relief as the court may deem just and proper under 15 U.S.C. § 1692k.

### COUNT III - CONTEMPT OF CHAPTER 13 PLAN

50. The allegations of paragraphs 1-40 above are re-alleged and incorporated herein by reference.
51. Plaintiffs confirmed chapter 13 plan as modified cured both prepetition, post-petitions, and other fees including attorney fees as alloed by 11 U.S.C.A. § 1322(B)(5).
52. Nationstar is now claiming prepetition, post-petition and fees that were included in the Plaintiffs' chapter 13 cases in violation of the confirmed chapter 13 plan as modified.

### COUNT IV – DISCHARGE VIOLATION

53. The allegations of paragraphs 1-40 above are re-alleged and incorporated herein by reference.
54. Nationstar willfully or intentionally violated Plaintiffs' Discharge Order by failing to release the mortgage and/or attempting to collect the prepetition, poet-petition arears, fees

and other charges included in Nationstar's claims filed in the Plaintiffs chapter 13 cases that were cured. In violation of 11 U.S.C.A. § 1328(a).

## PRAYER FOR RELIEF

**WHEREFORE, PRMISES CONSIDERED**, the Plaintiffs having set forth her claims for relive against the Nationstar respectfully prays of the Court as follows:

55. That the Plaintiffs recover against the Nationstar a sum to be determined by the Court in the form of actual damages;
56. That the Plaintiffs recover against the Nationstar a sum to be determined by the Court in the form of statutory damages;
57. That the Plaintiffs recover against the Nationstar a sum to be determined by the Court in the form of punitive damages;
58. That the Plaintiffs recovers against the Nationstar all reasonable legal and expenses incurred by her attorney;
59. That this Court order Nationstar to pay to the Plaintiffs their attorney's fees and costs and additional actual damages of $2,000 for each failure to comply with any part of Section 2605 of Title 12 of United States Code pursuant to Section 2535(f) of Title 12 of the United States Code;
60. That this Court order the Nationstar to pay to the Plaintiffs the amount of $1,000, plus actual damages for violations of the FDCPA under 15 U.S.C. § 1692e pursuant to 15 U.S.C. § 1692k; and
61. That the Plaintiffs may have such further and different relief as this Court deems just and proper.

Respectfully submitted on 20th of October 2017.

/s/ Mary Ruth C. Smitherman
Mary Ruth C. Smitherman
Attorney for Plaintiffs
maryruth@aclg.law

Of Counsel
ALABAMA CONSUMER LAW GROUP, LLC
P.O. Drawer 756
Talladega, AL 35161
(256) 761-1858

/s/ Harvey B.Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Plaintiffs
buddy@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing instrument through the United States Postal Service, First Class Mail, Postage Pre-Paid and/or by electronic mail on all parties listed below on this the 20th day of October, 2017:

Nationstar Mortgage, LLC
c/o Corporation Service Company, INC.
641 South Lawrence Street
Montgomery, AL 36104
SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104